## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

RENEE BATISTE,

     Plaintiff,

-vs-                          Case No.

EQUIFAX INFORMATION
SERVICES LLC; EXPERIAN
INFORMATION SOLUTIONS, INC.;
and TRANS UNION LLC,

     Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, RENEE BATISTE (hereinafter "Plaintiff"), by and through her undersigned counsel, for her cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"), and TRANS UNION LLC (hereinafter "Trans Union") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq.

## PRELIMINARY STATEMENT

1.      This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.      Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.      Consumer reporting agencies that create consumer reports, like the CRAs, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.      When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.      The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## <u>JURISDICTION AND VENUE</u>

6.     Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.     Venue is proper in this District as Plaintiff is a natural person and resident of Volusia County, Florida; Defendants transact business within this District; and violations described in this Complaint occurred in this District.

9.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.    Equifax is a corporation with its principal place of business in the State of Georgia and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

11.    Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.    Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.     Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Florida through its registered agent, C T Corporation System, located at 1200 South Pine Island Road, Plantation, Florida 33324.

14.     Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

16.     Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Florida through its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, Florida 32301.

17.     Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

18.     Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

19.　Plaintiff is a natural person who is alleged to owe a debt to multiple accounts.

20.　Plaintiff is a victim of identity theft.

21.　In or about March 2024, Plaintiff became aware of erroneous hard inquiries and accounts appearing in her credit file which did not belong to her.

22.　In or about March 2024, Plaintiff contacted Equifax to dispute the following Vystar Credit Union accounts which were appearing in her credit report and did not belong to her.

      i.　Vystar Credit Union, partial account number ending in x2961;

      ii.　Vystar Credit Union, partial account number ending in x2164; and

      iii.　Vystar Credit Union, partial account number ending in x4978.

23.　Plaintiff did not receive dispute results from Equifax. However, upon review of her updated credit report, Plaintiff observed the erroneous Vystar Credit Union accounts continued to be reported in her Equifax credit report each with a comment to indicate the account was disputed and verified as accurate.

24.　Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

25.　Equifax never attempted to contact Plaintiff during the alleged investigation.

5

26.     In or about March 2024, Plaintiff contacted Experian to dispute the following erroneous accounts which were appearing in her credit report and did not belong to her.

     i.    Best Buy/Citibank, partial account number 603535*;

     ii.    Kohl's/Capital One, partial account number 639305*;

     iii.    Upgrade Inc., partial account number 122322*; and

     iv.    Wells Fargo Card Services, partial account number 446540*.

27.     Plaintiff did not receive dispute results from Experian. However, upon review of her updated credit report, Plaintiff observed the aforementioned erroneous accounts all continued to appear in her credit report, each with a comment which indicated the account was previously in dispute and verified as accurate.

28.     Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

29.     Experian never attempted to contact Plaintiff during the alleged investigation.

30.     In or about March 2024, Plaintiff contacted Trans Union to dispute the following Vystar Credit Union accounts which were appearing in her credit report and did not belong to her.

     i.    Vystar Credit Union, partial account number 10790333**; and

     ii.    Vystar Credit Union, partial account number 10790323**.

31.     On or about April 11, 2024, Plaintiff received dispute results from Trans Union which stated the aforementioned Vystar Credit Union accounts were deleted.

32.     On or about April 12, 2024, Plaintiff obtained updated copies of her Equifax and Trans Union credit reports, and on or about April 14, 2024, Plaintiff obtained an updated copy of her Experian credit report. Upon review, Plaintiff observed several hard inquiries which were not authorized by her and did not belong to her. Further, Plaintiff observed the following erroneous accounts which did not belong to her.

| Furnisher | CRA | Account | Status |
|---|---|---|---|
| Best Buy/Citibank | Experian | 603535* | Charge off, $1,172 |
| Discover Bank | Experian | 601101* | Charge off, $3,188 |
| Kohl's/Capital One | Experian | 639305* | Charge off, $9,480 |
| Radius Global Solution | Experian, Trans Union | 469542* | Collection, $1,281 |
| Upgrade Inc. | Experian | 122322* | Charge off, $2,884 |
| Vystar Credit Union | Equifax, Experian, Trans Union | x2961 | Charge off, $873 |
| Vystar Credit Union | Equifax, Experian | x2164 | Charge off, $507 |
| Vystar Credit Union | Equifax, Experian | x4978 | Charge off, $190 |
| Wells Fargo Card Services | Experian | 446540* | Charge off, $1,716 |
| WF/Hotels | Experian | 455328* | Charge off, $1,885 |

33.     On or about April 12, 2024, Plaintiff filed a Federal Trade Commission ("FTC") Identity Theft Report, report number 171700416. In this report, she explained that she was a victim of identity theft and that the aforementioned erroneous and fraudulent accounts had been opened under her name and were listed in her credit report.

34.     Due to the inaccurate reporting, on or about April 18, 2024, Plaintiff mailed a detailed dispute letter to the CRAs. In the letter, Plaintiff requested a copy of her credit report and explained that several hard inquiries were appearing in her credit file which did not belong to her. Further, Plaintiff advised that the aforementioned erroneous accounts did not belong to her. To confirm her identity, Plaintiff included copies of her driver's license and Social Security card in the letter. Further, Plaintiff provided images of the erroneous reporting and images of her filed FTC Identity Theft Report.

35.     Plaintiff mailed her detailed dispute letter via USPS Certified Mail to Equifax (9402 6112 0621 0160 0622 83), Experian (9402 6112 0621 0160 0809 35), and Trans Union (9402 6112 0621 0160 0010 08).

36.     Shortly thereafter, Plaintiff received a response from Experian which stated Radius Global Solution, partial account number 469542* was deleted.

37.     On or about May 1, 2024, Plaintiff received an email from Experian stating it needed additional proof of identification despite Plaintiff having provided a copy of her current driver's license and Social Security card.

38.     Despite confirmation of delivery, Plaintiff did not receive any additional dispute results from Experian. However, upon review of her updated credit report, Plaintiff observed the following as to the erroneous and fraudulent accounts.

| Furnisher | Account | Status/Comment |
|---|---|---|
| Best Buy/Citibank | 603535* | *Not reported* |
| Discover Bank | 601101* | Charge off, $3,188; Account previously in dispute – investigation completed, reported by data furnisher |
| Kohl's/Capital One | 639305* | *Not reported* |
| Radius Global Solution | 469542* | *Not reported* |
| Upgrade Inc. | 122322* | *Not reported* |
| Vystar Credit Union | x2961 | Charge off, $873 |
| Vystar Credit Union | x2164 | Charge off, $507 |
| Vystar Credit Union | x4978 | Charge off, $190 |
| Wells Fargo Card Services | 446540* | Charge off, $1,716; Account information disputed by consumer (meets requirement of the FCRA) |
| WF/Hotels | 455328* | Charge off, $1,885 |

39.    Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

40.    Experian never attempted to contact Plaintiff during the alleged investigation.

41.    On or about April 27, 2024, Plaintiff received dispute results from Trans Union which stated the following as to the erroneous and fraudulent accounts.

| Furnisher | Account | Results |
|---|---|---|
| Radius Global Solution | 469542* | Deleted |
| Vystar Credit Union | x2961 | Verified as Accurate |

42.    On or about April 30, 2024, Plaintiff received additional dispute results from Trans Union which stated twelve (12) hard inquiries were deleted from her credit file.

43.     Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

44.     Trans Union never attempted to contact Plaintiff during the alleged investigation.

45.     On or about April 27, 2024, Plaintiff received dispute results from Equifax which stated the following as to erroneous and fraudulent accounts.

| **Furnisher** | **Account** | **Results** |
|---|---|---|
| Vystar Credit Union | x2961 | Verified that this item belongs to you |
| Vystar Credit Union | x2164 | Verified that this item belongs to you |
| Vystar Credit Union | x4978 | Verified that this item belongs to you |

46.     On or about April 30, 2024, Plaintiff received additional dispute results from Equifax which stated five (5) hard inquiries were deleted from her credit file.

47.     Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

48.     Equifax never attempted to contact Plaintiff during the alleged investigation.

49.     On or about May 24, 2024, Plaintiff obtained updated copies of her credit reports. Upon review, Plaintiff observed several hard inquiries which did not belong to her continued to appear in her credit file. Further, Plaintiff observed the following erroneous and fraudulent accounts continued to be reported. To Plaintiff's relief, Trans Union was no longer reporting the erroneous accounts.

| Furnisher | CRA | Account | Status |
|---|---|---|---|
| Discover Bank | Experian | 601101* | Charge off, $3,188 |
| Vystar Credit Union | Equifax, Experian | x2961 | Charge off, $873 |
| Vystar Credit Union | Equifax, Experian | x2164 | Charge off, $507 |
| Vystar Credit Union | Equifax, Experian | x4978 | Charge off, $190 |
| Wells Fargo Card Services | Experian | 446540* | Charge off, $1,716 |
| WF/Hotels | Experian | 455328* | Charge off, $1,885 |

50.    Despite Plaintiff's best efforts to have the erroneous reporting corrected, Defendants continue to inaccurately report the erroneous hard inquiries and fraudulent accounts in Plaintiff's credit file. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

51.    Defendants have not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continue to parrot off the back of the furnisher(s).

52.    Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

53.    As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i.    Monies lost by attempting to fix her credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

    ii.    Loss of time attempting to cure the errors;

    iii.    Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions;

    iv.    Denials for new lines of credit; and

    v.    Apprehensiveness to apply for new credit due to the fear of rejection.

## CAUSES OF ACTION

### COUNT I
**Violation of 15 U.S.C. § 1681e(b) as to
Defendant, Equifax Information Services LLC (Negligent)**

54.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-three (53) above as if fully stated herein.

55.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

56.     Equifax allowed for numerous Furnishers to report inaccurate and fraudulent accounts to Plaintiff's credit file.

57.     Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

58.     Equifax selects to just parrot the information provided by the Furnisher(s) and to avoid conducting re-investigations.

59.     Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

60.     Equifax violated its own policies and procedures by not deleting the accounts when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

61.     As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; credit denials; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

62.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

63.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, RENEE BATISTE, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Willful)

64.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-three (53) above as if fully stated herein.

65.    Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

66.    Equifax allowed for numerous Furnishers to report inaccurate and fraudulent accounts to Plaintiff's credit file.

67.    Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

68.     Equifax selects to just parrot the information provided by the Furnisher(s) and to avoid conducting re-investigations.

69.     Equifax chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

70.     Equifax violated its own policies and procedures by not deleting the accounts when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

71.     As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; credit denials; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

72.     The conduct, action and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

73.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, RENEE BATISTE, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees

and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT III
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Negligent)

74.     Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-three (53) above as if fully stated herein.

75.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

76.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

77.     Plaintiff provided Equifax with the information it needed to confirm that she was a victim of identity theft. Equifax ignored this information and failed to

conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

78.   As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; credit denials; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

79.   The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

80.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, RENEE BATISTE, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IV
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Willful)

81.     Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-three (53) above as if fully stated herein.

82.     After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

83.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

84.     Plaintiff provided Equifax with the information it needed to confirm that she was a victim of identity theft. Equifax ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

85.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; credit denials; and mental and

emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

86.    The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

87.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, RENEE BATISTE, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT V
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

88.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-three (53) above as if fully stated herein.

89.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

90.    Experian allowed for numerous Furnishers to report inaccurate and fraudulent accounts to Plaintiff's credit file.

91.    Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

92.    Experian selects to just parrot the information provided by the Furnisher(s) and to avoid conducting re-investigations.

93.    Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

94.    Experian violated its own policies and procedures by not deleting the accounts when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

95.    As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; credit denials; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

20

96.     The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

97.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, RENEE BATISTE, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT VI**
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Experian Information Solutions, Inc. (Willful)**

98.     Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-three (53) above as if fully stated herein.

99.     Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

100.   Experian allowed for numerous Furnishers to report inaccurate and fraudulent accounts to Plaintiff's credit file.

101.   Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

102.   Experian selects to just parrot the information provided by the Furnisher(s) and to avoid conducting re-investigations.

103.   Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

104.   Experian violated its own policies and procedures by not deleting the accounts when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

105.   As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; credit denials; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

106.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

107.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, RENEE BATISTE, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

108.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-three (53) above as if fully stated herein.

109.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

110.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct

independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

111.   Plaintiff provided Experian with the information it needed to confirm that she was a victim of identity theft. Experian ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

112.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; credit denials; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

113.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

114.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, RENEE BATISTE, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further

violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT VIII
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Willful)

115.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-three (53) above as if fully stated herein.

116.    After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

117.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

118.    Plaintiff provided Experian with the information it needed to confirm that she was a victim of identity theft. Experian ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

119.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

120.   The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

121.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, RENEE BATISTE, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IX
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Negligent)

122.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-three (53) above as if fully stated herein.

123.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

124.   Trans Union allowed for numerous Furnishers to report inaccurate and fraudulent accounts to Plaintiff's credit file.

125.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

126.   Trans Union selects to just parrot the information provided by the Furnisher(s) and to avoid conducting re-investigations.

127.   Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

128.   Trans Union violated its own policies and procedures by not deleting the accounts when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

129.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; credit denials; and mental and

emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

130.    The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

131.    Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, RENEE BATISTE, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT X
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Willful)

132.    Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-three (53) above as if fully stated herein.

133.    Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

28

134.   Trans Union allowed for numerous Furnishers to report inaccurate and fraudulent accounts to Plaintiff's credit file.

135.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

136.   Trans Union selects to just parrot the information provided by the Furnisher(s) and to avoid conducting re-investigations.

137.   Trans Union chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

138.   Trans Union violated its own policies and procedures by not deleting the accounts when Plaintiff provided them with the filed FTC Identity Theft Report, which contained sworn testimony of the fraud.

139.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; credit denials; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

140.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

141.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, RENEE BATISTE, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

### COUNT XI
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Negligent)

142.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-three (53) above as if fully stated herein.

143.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

144.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct

independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

145.   Plaintiff provided Trans Union with the information it needed to confirm that she was a victim of identity theft. Trans Union ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

146.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; credit denials; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

147.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

148.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, RENEE BATISTE, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment

interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT XII**
**Violation of 15 U.S.C. § 1681i as to**
**Defendant, Trans Union LLC (Willful)**

149.   Plaintiff re-alleges and incorporates paragraphs one (1) through fifty-three (53) above as if fully stated herein.

150.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

151.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

152.   Plaintiff provided Trans Union with the information it needed to confirm that she was a victim of identity theft. Trans Union ignored this information and failed to conduct a thorough investigation into her disputes or otherwise make her credit file accurate.

153.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; credit denials; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

154.   The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

155.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, RENEE BATISTE, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff her attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, RENEE BATISTE, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; and TRANS UNION LLC; jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 12th day of June 2024.

Respectfully submitted,

*/s/ Octavio Gomez*
Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
Lisa@theconsumerlawyers.com

*/s/ Frank H. Kerney, III*
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
Tennessee Bar No.: 035859
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Telephone: 844.855.9000
Frank@TheConsumerLawyers.com
*Attorneys for Plaintiff*

34